## J. Watson v. The State.

1. "**Official Misconduct**"—Jurisdiction.—The Constitution of 1876 confers on the District Courts original jurisdiction of misdemeanors involving "official misconduct," and the Revised Statutes provide that official misconduct in a county officer consists in "any unlawful behavior in relation to the duties of his office wilful in its character," and any "wilful or corrupt failure, refusal, or neglect of an officer to perform any duty enjoined on him by law." *Held*, that this statutory provision interprets the phrase "official misconduct" as employed in the Constitution, and restricts the misdemeanor jurisdiction of the District Courts to such misdemeanors as involve official acts or omissions which are not only unlawful, but also wilful or corrupt.

2. SAME — REMOVAL FROM OFFICE. — Indictment charged that the appellant, being sheriff of F. County, failed and neglected to exercise supervision over the county jail, and thereby negligently permitted certain felons in his custody to escape therefrom. Being put upon trial in the District Court, he pleaded to its jurisdiction, and moved that the cause, being for a misdemeanor, be transferred to the County Court. His plea and motion were overruled, and he was found guilty, and a fine of $150 was assessed against him by the jury. The District Court rendered judgment on the verdict, and further decreed that appellant be removed from the office of sheriff. *Held*, error. The plea to the jurisdiction should have been sustained, and the cause transferred to the County Court. *Held, further*, that the misdemeanor charged did not involve such official misconduct as would, on his conviction therefor, work a forfeiture of his office.

·APPEAL from the District Court of Falls. Tried below before the Hon. L. C. ALEXANDER.

·The case is sufficiently stated in the opinion of the court.

*B. W. Rimes*, and *Goodrich & Clarkson*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. Stripped of unnecessary verbiage, the indictment in this case charged the appellant, as sheriff, with negligently permitting the escape of persons in his legal custody, who were charged or convicted of felonies less than capital; which offence is a misdemeanor under the law, punishable by fine not exceeding $1,000. Upon conviction, his punishment was assessed at a fine of $150, and thereupon the court awarded judgment in favor of the State for the amount of the fine and costs, and further decreed as follows: "And by reason of the conviction aforesaid, it is ordered by the court that the said J. Watson, sheriff as aforesaid, be and he is hereby removed from said office of sheriff of Falls County, and that he no longer be empowered and authorized to discharge the duties of said office."

The material questions to be considered and determined here are : —

1. Had the District Court jurisdiction of the offence charged?

2. Does a conviction of said offence work a forfeiture of office under the law?

Our Constitution provides that the District Court shall have original jurisdiction in criminal cases of the grade of felony, and in cases of misdemeanor involving official misconduct. Art. V., sect. 8. The term "official misconduct" may ordinarily, and in its common acceptation, imply any act, either of omission or commission, on the part of an officer, by which the legal duties imposed by law have not been properly and faithfully discharged by the officer. "Misconduct" is defined by Bouvier as "unlawful behavior by a person intrusted in any degree with the administration of justice, by which the rights of the parties and the justice of the case may have been affected." It is more usually applied to jurors, arbitrators, and the like ; though it may be that, in the absence of a legislative definition in furtherance of the intent and meaning of the phrase as employed in the Constitution, it could be held applicable to any act of official misbehavior punishable by law as an offence against the State.

The law-making power has seen fit to prescribe an authoritative definition of the term as applicable to county officers, and this definition is conclusive upon the courts. It is prescribed in the Revised Statutes as follows : "Art. 3388. All convictions, by a petit jury, of any county officers, for any felony, or for any misdemeanor involving official misconduct, shall work an immediate removal from office of the officer so convicted, and such judgment of conviction shall, in every instance, embody within it an order removing such officers." "Art. 3393. By 'official misconduct,' as used in this title with reference to county officers, is meant any unlawful behavior in relation to the duties of his

office, wilful in its character, of any officer intrusted in any manner with the administration of justice or the execution of the laws; and under this head of official misconduct are included any wilful or corrupt failure, refusal, or neglect of an officer to perform any duty enjoined on him by law."

This legislative construction of the Constitution evidently implies that every official shortcoming upon the part of a county officer shall not be visited with the heavy penalty of removal, and that only such acts as involve moral turpitude, or wilful negligence which borders closely upon the former, shall cause the officer to be condemned as unworthy of public confidence as a repositary of a public trust. The refusal, or failure, or neglect of the officer must be either wilful or corrupt, before the State is entitled to his removal upon conviction of a misdemeanor, and not a mere act of negligence or inadvertence, which may comport with honesty on his part and a reasonable desire to properly discharge the functions of his office. It is noticeable that these elements must be found to exist even upon a direct proceeding, in the nature of a civil action, having for its object the removal of a county officer; and certainly the same rule ought to obtain, at least to an equal extent, when the removal is an incident of another proceeding which may or may not involve such removal, and the proceedings in which fail to inform a defendant that such is the object.

The Legislature having defined " official misconduct," our conclusion is that such definition materially restricts the general signification of the term as used in the Constitution, even if it was so used in its common acceptation, — of which there may be doubt, it being a phrase rather technical than otherwise, — and thus limits the jurisdiction of the District Court to that class of misdemeanors which involve unlawful official behavior on the part of a county officer, wilful or corrupt in its character, no matter whether it is an act or an omission.

Apart from the fact that the definition of the term was devolved upon the Legislature as a duty, and that the right was also granted to add to the jurisdiction of the County Court, which, by necessary implication, involves the right to subtract from any other court of original jurisdiction (Const., Art. V., sect. 22), the reason underlying the provision conferring this particular jurisdiction upon the District Court seems to strengthen our conclusion. The power of removal of county judges, county attorneys, clerks of the District and County Courts, justices of the peace, constables, and other county officers, is conferred by the Constitution exclusively upon judges of the District Court, who are authorized to effect such removals in cases of incompetency, official misconduct, habitual drunkenness, or other causes defined by law. Art. V., sect. 24.

The framers of the Constitution contemplated further legislation regulating removals from office, and conferred an enlarged discretion upon the Legislature in the matter of prescribing causes for removal and the proper procedure in effecting them, limiting legislative action only in the matter of the tribunal which could decree a removal. Having located this jurisdiction in the district judge, who may exercise his powers in term-time, and having prescribed " official misconduct " as one of the causes of removal, leaving the definition of the term to be fixed by law, it was proper and essential to the harmony of the system that further jurisdiction of misdemeanors involving official misconduct should be vested in the District Court, in order to avoid circuity or multiplicity of action and enable the legislative department to enact, as it has done, that upon conviction of a misdemeanor involving official misconduct a public evil should be remedied at once by the displacement of one unworthy of public trust, without the necessity of a resort to some other proceeding in another tribunal. It was not the intention of the Constitution to burden the District Court with every possible act or omission of an officer for which the law fixed a

penalty, the infliction of which would be fully adequate to the offence, and the commission of which may have been prompted by casual inadvertence instead of corrupt or wilful design or negligence.

The plea to the jurisdiction of the court should have been sustained and the cause transferred to the County Court for trial.

The remaining inquiry is already practically disposed of by the discussion of the question of jurisdiction. As before stated, this prosecution is based upon art. 205 of the Penal Code, and the substantial charge against appellant is that, as sheriff, he negligently permitted certain persons in his custody, charged with felonies less than capital, to escape. This act does not amount to " official misconduct," as defined by law ; neither does the indictment charge wilful negligence. A sheriff may be removed from office upon conviction for wilfully permitting an escape, or he may be removed upon a direct proceeding, if his acts or omissions· amount to wilful negligence ; but a conviction for negligently permitting an escape, unaccompanied with corruption or wilfulness, does not work a forfeiture of office.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*